

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2005

# Lock v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2040

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lock v. Nash" (2005). *2005 Decisions.* Paper 445.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/445

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-376                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2040
_____

JOHN LOCK,
                                Appellant

v.

WARDEN JOHN NASH;
M. E. RAY, Northeast Regional Director

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00539)
District Judge: Honorable Thomas I. Vanaskie
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 22, 2005

BEFORE: RENDELL, FISHER and VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: October 6, 2005)

_____

OPINION
_____

PER CURIAM

   John Lock, a federal prisoner, appeals from the order of the United States District

Court for the Middle District of Pennsylvania granting the defendants' motion to dismiss

his civil rights action.  The parties are familiar with the facts, so we will not set forth the

case's history in detail. In summary, Lock filed his complaint[1] pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), regarding events while he was housed at FCI-Schuylkill. Specifically, his claims are based on incidents on January 24, 2002 and May 8, 2003, when he was sexually assaulted by other inmates; in October 2002, when his request for a transfer to another prison was denied; and during 2002 and 2003, when he spent a prolonged period in segregation. Lock sought damages and injunctive relief. The defendants filed a motion to dismiss the complaint, arguing, *inter alia*, that Lock failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). Lock filed a response. The District Court dismissed the complaint, finding that Lock failed to exhaust his administrative remedies. Lock appeals and has been granted leave to proceed *in forma pauperis* on appeal. We have jurisdiction under 28 U.S.C. § 1291.

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. 42 U.S.C. § 1997e(a); <u>Spruill v. Gillis</u>, 372 F.3d 218, 227 (3d Cir. 2004). In <u>Spruill</u>, we held that the PLRA required "proper" exhaustion, meaning that the inmate must follow the procedural requirements of the prison grievance system. <u>Spruill</u>, 372 F.3d at

---

[1] As noted by the District Court, Lock originally filed his complaint on January 14, 2004, in the United States District Court for the District of Columbia. The matter was transferred pursuant to 28 U.S.C. § 1406(a) to the Eastern District of Pennsylvania, then was transferred again to the Middle District of Pennsylvania.

2

228, 231. If the prisoner fails to follow the procedural requirements, then his claims are procedurally defaulted.

Under the Federal Bureau of Prisons ("BOP") administrative remedy procedures, an inmate must first submit an attempt at informal resolution to his unit team. 28 C.F.R. § 542.13(a). If the concern is not resolved, the inmate may submit an administrative remedy request to the Warden, then to the BOP Regional Director, then to the BOP Central Office. 28 C.F.R. §§ 542.14-15. Informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), must be completed within twenty calendar days after the incident date. 28 C.F.R. § 542.14(a).

As relevant to this case, although the record contains documentation relating to the factual background of his other claims, Lock attempted to pursue administrative remedies with respect to only the May 8, 2003 sexual assault. The twenty-day period for submitting an administrative remedy request expired on May 28, 2003. However, Lock waited until June 4, 2003, when he submitted a request to prison staff, stating that he wished to begin the administrative remedy process regarding the May 8, 2003 incident. He filed a request for relief to the Northeast Regional Office. On June 18, 2003, the Regional Office rejected the submission, explaining that it had been submitted to the wrong level and should have been filed at the institution. Lock filed at the institutional level an unsuccessful informal resolution request, followed by a request for administrative remedy on July 31, 2003. The request was rejected as untimely. Lock then attempted to

3

appeal to the Regional Office. He asserted that in June 2003, a prison officer asked him to defer his filing, and in July 2003, that same officer told him he had plenty of time to file his complaint. The Regional Office rejected the appeal as untimely. Lock attempted to appeal to BOP Central Office, which rejected the appeal as untimely, concurring with the prison's and Regional Office's reasons for rejecting Lock's filings.

Upon careful review of the record, we agree with the District Court that Lock failed to exhaust his administrative remedies. We also agree that Lock's reliance on a prison officer's advice in June and July 2003 to delay his filings is unavailing, because the twenty-day period for filing an administrative remedy request had already passed by then. We discern no error in the dismissal of Lock's complaint on the basis of failure to exhaust under section 1997e(a).

We will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).